Reese, J.
delivered the opinion of the court.
This is an indictment for robbery. The question of guilt rests mainly upon the testimony of the prosecutor. That testimony is distinct and explicit, and if to be depended on, leaves no doubt of the guilt of the prisoner. The defence was rested on the state of mind of the prosecutor at the time of the transaction, as affecting the accuracy of his narrative and his trustworthiness. The effort was to prove him drunk at the time. He stated in his examination in chief, that he and his companions, at the cotton gin in the neighborhood of Memphis, drained the jug dry, and that he drank two or three times with the prisoner on the wharf-boat, • before the robbery. On cross-examination he was asked, “how many drinks of liquor did you take from the time you left the cotton gin till you arrived at Memphis?” Witness answered: “I did not drink a drop.” Defendant’s counsel asked of á witness called by bim, if the prosecutor did not on the evening of the alledged robbery, and at a short distance before he reached Memphis, drink a pint of brandy. The Attorney for the prosecution objected to the question, and the court would not suffer it to be answered. The defendant’s counsel then asked the witness; how many drinks did the prosecutor take between the cotton gin and Memphis? which was also objected to, and the objection sustained by the court. But the court gave leave to prove that prosecutor was drunk.
*565 We think the court erred in rejecting the testimony, on two grounds. First, to show the state of mind of the prosecutor. The quantity drank, it is true, will not per se prove drunkenness, because the operation of.ardent spirits is very different on different constitutions; but notwithstanding dicta to that effect, we cannot perceive, in reason, why the quantity drank should be deemed irrelevant or incompetent, as a circumstance, to prove the probable state of mind. In the second place, the evidence was competent to contradict and discredit the witness, who had stated that he had not drank a drop between the cotton gin and Memphis. It was competent to do this as well in relation to drunkenness, as to any other matter.
Perhaps these questions affect but little the merits of the cause. But we cannot help that, and are constrained to reverse the judgment, and grant a new trial.